Filed 3/18/22  P. v. Rosa CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTONIO ROSA, JR.,<br><br>    Defendant and Appellant. | F081142<br><br>(Super. Ct. No. VCF019964-80)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Smith, J. and Snauffer, J.

Defendant Antonio Rosa, Jr., was convicted by jury trial of first degree murder, attempted robbery, and robbery. Defendant was prosecuted on an aider and abettor theory of felony murder. Defendant filed a petition for resentencing, pursuant to Penal Code section 1170.95,[1] based upon the changes to the felony-murder rule and the natural and probable consequences doctrine of aider and abettor liability effectuated by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437). The trial court summarily denied defendant's petition. On appeal, defendant contends the trial court's summary denial was error and the People agree. We reverse the order and remand the matter for further proceedings pursuant to section 1170.95.

## PROCEDURAL SUMMARY

On September 9, 1980, the Tulare County District Attorney filed an information charging defendant with the first degree murder of Ricardo Patron Guerrero (§ 187; count 1), attempted robbery (§§ 211, 664; count 2), and robbery (§ 211; count 3). As to count 1, the information further alleged that the murder was committed in the commission of a robbery and that a principal in the offense was armed with a firearm (former § 12022, subd. (a)).

On December 8, 1980, a jury found defendant guilty on all counts and found true all allegations.

On January 22, 1981, the trial court sentenced defendant as follows: on count 1, life without the possibility of parole, plus one year because a principal in the offense was armed with a firearm (former § 12022, subd. (a)); on count 3, the middle term of three years, concurrent to the term on count 1; on count 2, the sentence was stayed pursuant to section 654.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

On December 7, 1982, defendant's convictions were affirmed in an unpublished opinion.[2]

On February 11, 2019, defendant filed a petition for writ of habeas corpus seeking relief pursuant to Senate Bill 1437, which the trial court construed as a petition for resentencing pursuant to section 1170.95. The People moved to dismiss defendant's petition, arguing that Senate Bill 1437 is unconstitutional. Alternatively, the People argued that defendant's petition should be denied because defendant would still have been convicted of murder even if the changes effected by Senate Bill 1437 had been in effect at the time of his conviction.

On April 17, 2020, the trial court denied defendant's petition after a hearing at which it heard no evidence, concluding "[d]efendant [is] not eligible" for relief. The trial court provided no explanation for its decision.

On May 7, 2020, defendant filed a notice of appeal.

## FACTUAL SUMMARY

The following factual summary is drawn from the opinion affirming defendant's convictions on direct appeal:

> "Sometime after 8:00 p.m. on August 9, 1980, Manuel Martinez and Ricardo Guerrero were walking to the home of a mutual friend when they were approached by Alfonso Flores and defendant. Flores pointed a sawed-off shotgun at them, and defendant walked up to Martinez with his fists clenched, demanding money. Afraid of being hurt, Martinez produced a wallet containing three one-hundred peso bills. Defendant took this money and searched Martinez further. Defendant did not appear intoxicated to Martinez at the time.

---

[2]     The parties agree, as do we, that we should take judicial notice of the Third District Court of Appeal's decision in *People v. Rosa* (Dec. 7, 1982, 12210) [nonpub. opn.]. Pursuant to defendant's request, we take judicial notice of the Third District's unpublished opinion in this matter pursuant to Evidence Code sections 452, subdivision (d), and 459, subdivision (a).

3.

"Meanwhile, Guerrero, who was intoxicated, continued to walk slowly forward despite Flores' threats that he would shoot. Flores fired the gun and shot Guerrero, who subsequently died of the shotgun wound.

"Defendant and Flores fled immediately from the scene. At about 9:00 p.m., Augustine Higareda recognized defendant as he ran past.

"In a warrant search of defendant's home, officers found a receptacle containing three one-hundred peso bills and defendant's library card in a dresser drawer in defendant's bedroom. A search of Flores' residence uncovered a shotgun in Flores' room. A consensual search at the time of defendant's arrest revealed a .12-gauge shotgun shell in the glove compartment of defendant's vehicle.

"After his arrest, defendant gave a tape-recorded statement to the police. On the evening in question, he told the police that he and Flores had returned from an afternoon of swimming. Flores had a sawed-off shotgun and said he needed money. They saw two men and told them to stop and surrender their money. Flores pointed the gun at one of the men while defendant asked for and took the money from the other. Defendant heard a gun shot, and then he and Flores fled to Flores' home, hid the gun, and went to a party. Later, defendant put the three one-hundred peso bills in a chest of drawers in his room. Defendant explained he helped Flores with the robbery because he was afraid of him.

"The defense was intoxication. Many of his friends testified that defendant was drunk at a party on the evening of August 9. They all recalled seeing him after 9:00 p.m., but none of them actually saw him arrive at the party.

Defendant also testified that he had consumed beer all day and was drunk when he went to the party. Although he remembered what happened the night of the robbery and meant to take the money, he said he did not actually have the intent to commit robbery. Defendant explained that he took the money because Flores said he needed it. He also testified that he was planning to return the money to victim Martinez but had not seen Martinez since the robbery.

4.

## DISCUSSION

### Statutory Background

Effective January 1, 2019, Senate Bill 1437 limited accomplice liability under the felony-murder rule[3] and the natural and probable consequences doctrine.[4] (§§ 188, 189, as amended by Stats. 2018, ch. 1015, §§ 2–3; *People v. Cruz* (2020) 46 Cal.App.5th 740, 755; *Lamoureux*, *supra*, 42 Cal.App.5th at p. 246.) The Legislature's purpose was " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underl[y]ing felony and acted with reckless indifference to human life.' " (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57, review granted Mar. 18, 2020, S260410.)

---

**3**     Prior to Senate Bill 1437's enactment, " '[t]he felony-murder rule impute[d] the requisite malice for a murder conviction to those who commit[ted] a homicide during the perpetration of a felony inherently dangerous to human life.' " (*People v. Friend* (2009) 47 Cal.4th 1, 76.) Prior to Senate Bill 1437's enactment, specifically with respect to felony murder with robbery as the underlying felony, section 189, subdivision (a), stated, "All murder … that is committed in the perpetration of, or attempt to perpetrate, … robbery … is murder of the first degree."

**4**     Prior to Senate Bill 1437's enactment, " ' "[a] person who knowingly aid[ed] and abet[ted] criminal conduct [was] guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commit[ted] [nontarget offense] that [was] a natural and probable consequence of the intended crime." ' " (*People v. Chiu* (2014) 59 Cal.4th 155, 161.) " ' "[B]ecause the nontarget offense [was] unintended, the mens rea of the aider and abettor with respect to that offense [was] irrelevant and culpability [was] imposed simply because a reasonable person could have foreseen the commission of the nontarget crime." ' " (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248 (*Lamoureux*).)

"Senate Bill 1437 also [added section 1170.95, which] established a procedure permitting certain qualifying persons who were previously convicted of felony murder or murder under the natural and probable consequences doctrine to petition the courts that sentenced them to vacate their murder convictions and obtain resentencing on any remaining counts." (*Lamoureux*, *supra*, 42 Cal.App.5th at p. 246; § 1170.95, added by Stats. 2018, ch. 1015, § 4.) Under that procedure, a convicted person is eligible for relief if the following conditions are met: "(1) A complaint, information, or indictment was filed against the [defendant] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine. [¶] (2) The [defendant] was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the [defendant] could be convicted of murder or attempted murder. [¶] (3) The [defendant] could not presently be convicted of murder or attempted murder because of [the] changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

When a facially sufficient petition alleging entitlement to relief pursuant to section 1170.95 is filed,[5] and the defendant requests counsel, the trial court must appoint counsel for the defendant. (*People v. Lewis* (2021) 11 Cal.5th 952, 961–963 (*Lewis*).) The parties then file briefing and the court determines whether the defendant made "a prima facie showing that [he or she] is entitled to relief." (§ 1170.95, subd. (c); accord, *Lewis*, at pp. 957, 966.) The trial court's prima facie review is limited; "the court takes [the defendant]'s factual allegations as true and makes a preliminary assessment

---

[5]     Such a petition must be filed in the court that sentenced defendant, give notice to the district attorney and defense counsel or the public defender, and include (1) a declaration by the defendant that he or she meets the eligibility requirements, (2) the superior court case number and year of conviction, and (3) whether the defendant requests appointment of counsel. (§ 1170.95, subd. (b)(1).) If any of the required content "is missing from the petition and cannot be readily ascertained," the court may deny the petition without prejudice. (*Id*., subd. (b)(2).)

6.

regarding whether the [defendant] would be entitled to relief if his or her factual allegations were proved." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 328, abrogated on other grounds by *Lewis* at pp. 961–963.) " '[A] court should not reject [a defendant's] factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Lewis*, at p. 971.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the [defendant]." ' " (*Ibid*.) If the defendant has made "a prima facie showing that [he or she] is entitled to relief, the court [must] issue an order to show cause." (§ 1170.95, subd. (c).)

Within 60 days of issuance of an order to show cause, the trial court must "hold a hearing to determine whether to vacate the murder … conviction and to recall the sentence and resentence the [defendant] on any remaining counts" (§ 1170.95, subd. (d)(1)) "unless the parties waive the hearing or the [defendant's] entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2).)" (*People v. Drayton* (2020) 47 Cal.App.5th 965, 981, abrogated on other grounds by *Lewis*, *supra*, 11 Cal.5th at pp. 961–963.) At a hearing on the order to show cause, the burden of proof is "on the prosecution to prove, … beyond a reasonable doubt, that the [defendant] is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

**Analysis**

The trial court denied defendant's petition at the prima facie stage and before conducting an evidentiary hearing. It is unclear whether the trial court concluded that (1) Senate Bill 1437 was unconstitutional or (2) that defendant was a major participant in the murder, and acted with reckless indifference to human life, and therefore could have been convicted of first degree murder despite the changes to the law effected by Senate Bill 1437. Regardless, the parties agree, as do we, that the trial court erred and the summary denial of defendant's petition must be reversed.

Assuming the trial court concluded that defendant was not entitled to relief on a finding that Senate Bill 1437 is unconstitutional, based on the arguments the People raised in their motion to dismiss, the trial court erred. Our Supreme Court has not addressed the constitutionality of Senate Bill 1437. However, this court has considered and rejected arguments nearly identical to those which the People advance here regarding the constitutionality of Senate Bill 1437. (*People v. Nash* (2020) 52 Cal.App.5th 1041, 1053 [collecting cases].)[6, 7] We agree with the analysis of *Nash* and come to the same conclusion. The trial court erred in dismissing defendant's petition based on the conclusion that Senate Bill 1437 is unconstitutional.

Next, the parties agree that defendant stated a prima facie case for relief and the trial court erred in making adverse factual determinations regarding defendant's culpability without first conducting an evidentiary hearing. Defendant alleged that "an indictment was filed against [him] that allowed the prosecution to proceed under a theory

---

**6** In *Nash*, one justice dissented from the majority's conclusion with regard to Proposition 7, but otherwise concurred. (*People v. Nash*, *supra*, 52 Cal.App.5th at p. 1084 (conc. & dis. opn. of Poochigian, A.P.J.).)

**7** Other courts of appeal have also consistently rejected arguments that were very similar to those presented to the trial court in this case, concluding that Senate Bill 1437 was unconstitutionally inconsistent with Propositions 7 and 115 and the People's arguments on appeal that Senate Bill 1437 violates the separation of powers doctrine and Proposition 9. (*People v. Marquez* (2020) 56 Cal.App.5th 40, 44, 46–51 [Prop. 9, separation of powers]; *People v. Lombardo* (2020) 54 Cal.App.5th 553, 555, 559–565 [Props. 7, 9, 115]; *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 902 [Props. 7, 115]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 594 [same]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211 [Props. 7, 115; separation of powers]; *People v. Johns* (2020) 50 Cal.App.5th 46, 54–55 [Props. 7, 9, 115; separation of powers]; *People v. Prado* (2020) 49 Cal.App.5th 480, 492 [Props. 7, 115]; *People v. Smith* (2020) 49 Cal.App.5th 85, 91–92 [Prop. 7], review granted July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300, 306 [Props. 7, 115]; *People v. Solis* (2020) 46 Cal.App.5th 762, 784 [same]; *People v. Cruz*, *supra*, 46 Cal.App.5th at p. 747 [same]; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 275, 289 [same]; *Lamoureux*, *supra*, 42 Cal.App.5th at p. 246 [Props. 7, 9, 115; separation of powers].)

of felony murder or murder under the natural and probable consequences doctrine." He further alleged that he " ' "[could not] be convicted of … murder "because of [the] changes to Section[s] 188 [and] 189." ' " Defendant's pleading was facially sufficient and the record before the court did not contain facts refuting the allegations made in the petition that would have justified the trial court in making a credibility determination adverse to defendant. Indeed, the parties correctly note that defendant was not the actual killer and the record does not demonstrate, as a matter of law, that the jury concluded that appellant acted with intent to kill or with reckless indifference to human life.[8] The parties further agree that the error requires reversal. We agree with the parties on both accounts.

Therefore, as the parties agree, we must reverse the trial court's denial of defendant's section 1170.95 petition and remand the matter to the trial court.[9] On remand, the People will bear the burden of proving beyond a reasonable doubt that defendant is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)

We express no opinion on the merits of defendant's petition.

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is reversed. The matter is remanded to the trial court.

---

[8] On the date of defendant's conviction, proof that defendant acted with intent to kill (*Carlos v. Superior Court* (1983) 35 Cal.3d 131, 141, fn. 8 [requiring proof of intent to kill to prove a felony-murder special circumstance] overruled in *People v. Anderson* (1987) 43 Cal.3d 1104 [proof of intent to kill for felony-murder only required for aider and abettor theory felony murder]) or with reckless indifference to human life were not required elements (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 297–298). The record contains no evidence to suggest that the trial court instructed the jury on those elements.

[9] Because we reverse the order denying defendant's petition, we need not address defendant's due process argument.